UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| LINDA S. MARTIN | ) | |
| | ) | |
| v. | ) | NO. 3:05-CV-19 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |


## MEMORANDUM OPINION


The plaintiff Linda S. Martin has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Martin was born in 1962 and was 42 years old at the time of her administrative hearing. [Tr. 57, 264]. She completed seventh grade and has relevant past work experience as a farmer. [Tr. 17, 264]. Ms. Martin alleges she is disabled as of May 22, 1999, from stomach problems, fatigue, weakness, sleeping troubles, headaches, muscle pain, depression, anxiety, nervousness, concentration, and learning problems. [Tr. 16]. Based upon a finding that her severe impairments were not

severe enough, the Administrative Law Judge [ALJ] found that Ms. Martin was not disabled as defined by the Social Security Act. [Tr. 21].

At Ms. Martin's administrative hearing held on February 27, 2003, the testimony of Ms. Martin and vocational expert Dr. Walter Cameron was received into evidence. [Tr. 264-83]. Ms. Martin testified the main problem that prevented her from working was weakness that began in 1995. [Tr. 264-65]. She also experiences chest pain, depression, headaches, and back and leg pain. [Tr. 266-67, 272-73].

Vocational expert Dr. Walter Cameron testified next. [Tr. 278-83]. He testified Ms. Martin had no relevant work experience. [Tr. 278]. The ALJ then asked the vocational expert to consider a person of Ms. Martin's age, education, and work experience who could perform a wide range of light work on a sustained basis who also had certain non-exertional impairments like borderline intelligence, mental anxiety, mental depression, possible chronic fatigue syndrome, post traumatic stress disorder, a sleep disorder, headaches, an inability to learn, understand, and carry out more than simple job instructions, a poor ability to read, write, and perform math, an inability to handle frequent contact with the public, and an inability to perform frequent bending and stooping. [Tr. 278-79]. The vocational expert testified such a person would be able to work as an inspector, sorter, classifier, unskilled assembler, hand packer, and bundler. [Tr. 279]. At the sedentary level of exertion, such a

person would be able to perform as an inspector, checker, classifier, and assembler. [Tr. 279-80]. Such a person would still be able to work even if she could not be around heights and moving, dangerous machinery or if she were illiterate or had moderate pain. [Tr. 280, 282]. If, however, such a person required a rest period during the day outside of regular breaks, had moderately severe to severe pain, or moderately severe to severe fatigue, she would be unable to work. [Tr. 281, 282-83].

The ALJ ruled that Ms. Martin was not disabled because her severe impairments of borderline intellectual functioning, anxiety, depression, possible chronic fatigue syndrome, post traumatic stress disorder, a sleep disorder, and headaches were not severe enough under the Regulations. [Tr. 17]. The ALJ then determined Ms. Martin retained the residual functional capacity [RFC] to perform sedentary and light work, including lifting 20 pounds occasionally, ten pounds frequently, and standing/walking/sitting for up to six hours of an eight-hour workday. [Tr. 20]. The ALJ also found that she should avoid excessive stress, frequent contact with the general public, more than simple instructions, and frequent overhead motions and squatting. [*Id.*]. With these limitations, the ALJ found Ms. Martin could work in the positions enumerated by the vocational expert. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the

3

record.  42 U.S.C. § 405g.  "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility.  *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Martin requests summary judgment and challenges the ALJ's determination that there was work in the national economy which she could perform.  The ALJ stated in his decision that he relied on the testimony of the vocational expert in reaching his conclusion that Ms. Martin would have work in the national economy which she would be able to perform.  [Tr. 21].  The vocational expert's testimony is uncontroverted.  As such, the ALJ was entitled to rely upon it and use it for substantial evidence in reaching his decision.

Ms. Martin also argues the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Ronald Fejeran.  Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists.  See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th

Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

In November 2002, the doctor claimed Ms. Martin could lift/carry eight to ten pounds occasionally, two pounds frequently, stand/walk one hour in an eight-hour workday, and sit for two to three hours in an eight-hour workday. [Tr. 173-74]. She also could never climb or work in an environment of heights, moving machinery, chemicals, dust, noise, fumes, humidity, and vibration. [Tr. 174-75]. The doctor based his limitations primarily on the findings of trigger points (indicating fibromyalgia) on Ms. Martin. [Tr. 173-75]. The ALJ rejected these limitations because the opinion conflicted with the state agency physician who did not find any trigger points and with Dr. Fejeran's own medical records, which failed to mention a diagnosis of fibromyalgia. Based on the above conflicts, the ALJ's rejection of Dr. Fejeran's opinion was made with substantial evidence.

In addition, Ms. Martin claims the ALJ erred by not finding her mental impairments were severe enough for disability. The ALJ found that Ms. Martin's anxiety and depression, when treated, did not result in more than moderate limitations. [Tr. 20]. To support that finding, the ALJ noted that Ms. Martin had been able to assist her husband for years on their family farm, and she had mild limitations in

5

activities of daily living, moderate limitations in social functioning, mild to moderate limitations in concentration, persistence, or pace, and a lack of episodes of decompensation. [Tr. 19]. In addition, Ms. Martin's treating physician never reported she had any mental limitations. Accordingly, there was substantial evidence to support the ALJ's finding.

Lastly, Ms. Martin argues the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Martin's impairments four times in his decision. [Tr. 17, 18]. The ALJ focused Ms. Martin's RFC on her borderline intellectual functioning, anxiety, depression, possible chronic fatigue syndrome, post traumatic stress disorder, a sleep disorder, and headaches. [Tr. 20]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Ms. Martin's severe impairments of borderline intellectual functioning, anxiety, depression, possible chronic fatigue syndrome, post traumatic stress disorder, a sleep disorder, and headaches. [Tr. 278-83]. Based on the Sixth Circuit framework, the ALJ considered Ms. Martin's impairments in combination.

After careful consideration of the entire record of proceedings related to this case, Ms. Martin's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE